```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

DAVID SIMMONS,                    :
                                  :
    Plaintiff,                :
                                  :         PRISONER
v.                                :   Case No. 3:04-CV-2044(RNC)
                                  :
DELROY SIMPSON, et al.,           :
                                  :
    Defendants.               :

## RULING AND ORDER

Plaintiff, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against Norwalk police officers David Nieves and Jeffrey Proudfoot asserting claims of false arrest and malicious prosecution stemming from his arrest for interfering with an officer.[1]  Defendants have moved for summary judgment.  For reasons that follow, the motion is granted.

I.   Summary Judgment

Summary judgment may be granted when there is no "genuine issue as to any material fact" and the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To withstand a properly supported motion for summary judgment, the opposing

---

[1] The original complaint named Nieves, Proudfoot, and security guard Delroy Simpson as defendants.  The Court dismissed that complaint without prejudice [doc. # 6].  Plaintiff moved to reopen the case and filed a proposed amended complaint.  The Court concluded that the amended complaint adequately alleged claims of false arrest and malicious prosecution against defendants Nieves and Proudfoot, and granted the motion to reopen as to those claims only [doc. # 10]. The Court dismissed with prejudice all other claims against Nieves and Proudfoot, and all claims against Simpson.

party must come forward with "specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). When a party is proceeding pro se, the Court must construe his submissions liberally and interpret them to raise the strongest arguments they suggest. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

Plaintiff's response to the motion for summary judgment consists of a two-page affidavit. However, "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 242 (2d Cir. 2004). The movant has the burden of demonstrating the absence of a genuine issue of material fact, and this burden may not be met exclusively by the movant's Local Rule 56(a)1 statement; nevertheless, "the failure to respond may allow the district court to accept the movant's factual assertions as true." Id. at 244, 246.

II. Facts

On October 5, 2001, Offciers Nieves and Proudfoot responded to a report that an individual was exposing himself in the men's bathroom at the South Norwalk Train Station. Defendants proceeded to the restroom and observed plaintiff sitting on the toilet with the stall door ajar. Nieves asked plaintiff to leave the premises several times. Defendants offered to transport

plaintiff to another location or, in light of his claim that he was ill with diarrhea, to the hospital.  Using vulgar language, plaintiff refused to leave the restroom and said he did not want to see a doctor.

Nieves told the plaintiff that the officers would step outside to allow him to finish using the restroom.  When defendants later re-entered the restroom, they told plaintiff he must leave.  Plaintiff asked to be transported to a hospital, but refused to comply with defendants' requests that he stand up and pull up his pants.  Plaintiff used vulgar language and began spitting at defendants.

When defendants attempted to remove plaintiff from the bathroom stall, he grabbed the toilet seat.  Defendants eventually were able to pull up plaintiff's pants, remove him from the stall, and place him under arrest.  Plaintiff resisted defendants' efforts to handcuff him.  Plaintiff continued to spit at defendants and disregarded defendants' orders that he keep his pants on by repeatedly allowing his pants to drop to the floor as they walked through the train station. Because plaintiff refused to stand up and walk, instead dropping his body weight to the ground, defendants had to carry him down a flight of stairs to the police car.  In the car, plaintiff used profanity, threatened to harm defendants once his handcuffs were removed, and spat repeatedly.  At the police station, he refused to answer standard

3

processing questions and continued to spit at defendants.

Plaintiff was charged with breach of peace, interfering with a police officer, and refusal to be fingerprinted. On October 6, 2001, he was released on a promise to appear. On October 23, 2001, he was arraigned in the Connecticut Superior Court for the Judicial District of Norwalk and pleaded not guilty to all three counts. On September 15, 2004, a jury found plaintiff not guilty of interfering with a police officer.

On November 20, 2001, plaintiff filed a complaint with the Norwalk Police Department that Nieves took his personal property valued at more than $500, including a duffle bag containing $375 worth of property. He sought the return of his property or repayment, and stated that he intended to pursue other legal options regarding the officers' conduct during the arrest. On that date, he signed a "Release of All Claims" in exchange for a payment of $250. The release stated that he waived any and all future claims against the City of Norwalk, or its agents, servants or employees, arising out of the incident that occurred on October 5, 2001 at the South Norwalk Train Station. The police informed plaintiff that the $250 was compensation for his missing duffle bag. They did not allow him to examine the release and failed to accurately inform him of its contents.

II. Discussion

    A. Signed Release

Defendants contend that they are entitled to summary judgment based on the signed release. I disagree. Generally, a person has a duty to read a contract and will be deemed to have notice of its contents if he negligently fails to do so; however, this rule "applies only if nothing has been said or done to mislead the person sought to be charged or to put a man of reasonable business prudence off his guard in the matter." DiUlio v. Goulet, 2 Conn. App. 701, 704 (1984). When plaintiff filed his complaint with the Norwalk Police Department, he sought the return of, or reimbursement for, his personal property. The police informed him that he had to sign the release in order to receive $250 for his missing duffle bag, and repeatedly asked him, "Will you take $250 for your duffle bag?" Plainitff claims that because of the officers' comments and their alleged refusal to allow him to review the release, he believed the release applied only to his property claim. On this record, the release does not entitle the defendants to summary judgment. See DiUlio, 2 Conn. App. at 703-04 (factual dispute as to assent existed because plaintiff alleged that defendant prevented her from reviewing release).

B.  False Arrest

Defendants contend that plaintiff's false arrest claims are time-barred by the three-year statute of limitations set forth in Connecticut General Statutes § 52-577. See Lounsbury v.

5

Jeffries, 25 F.3d 131, 134 (2d Cir. 1994). I agree. The limitations period began to run no later than October 23, 2001, the date plaintiff was arraigned. See Wallace v. Kato, 127 S. Ct. 1091, 1096, 1100 (2007). This action was filed more than three years later on November 30, 2004.

    C.   Malicious Prosecution

To prevail on his § 1983 claim for malicious prosecution, plaintiff must show a violation of his rights under the Fourth Amendment, and establish the elements of a malicious prosecution claim under state law. See Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002). In Connecticut, a plaintiff claiming malicious prosecution has the burden of proving that the defendant initiated criminal proceedings without probable cause. See Bhatia v. Debek, 287 Conn. 397, 404 (2008). Defendants are entitled to summary judgment on plaintiff's claim because he cannot carry this burden.

Plaintiff claims that he was maliciously prosecuted for interfering with an officer. Pursuant to Connecticut General Statutes § 53a-167a, a "person is guilty of interfering with an officer when such person obstructs, resists, hinders or endangers any peace officer . . . in the performance of such peace officer's . . . duties." The purpose of the statute is to "ensure orderly compliance with the police during the performance of their duties; any act intended to thwart this purpose violates

6

the statute."  State v. Porter, 76 Conn. App. 477, 491 (2003) (internal quotation marks omitted).

The undisputed evidence establishes that, on October 5, 2001, plaintiff disregarded defendants' orders to leave the bathroom, grabbed the toilet seat to prevent them from removing him from the stall, repeatedly swore and spit at the defendants, resisted being handcuffed, refused to stand up and walk after he was handcuffed, allowed his pants to drop to the floor repeatedly despite defendants' requests that he hold them up, threatened the defendants, and refused to answer standard processing questions at the police station.  Based on this conduct, defendants had probable cause to charge plaintiff with interfering with an officer.  See, e.g., State v. Peay, 96 Conn. App. 421, 443-44 (2006) (disobeying and physically struggling with officers during an arrest "unquestionably" hinders officers in the performance of their duties).

IV. Conclusion

Defendants' motion for summary judgment [doc. # 24] is granted. The Clerk is directed to enter judgment and close this case.

So ordered this 30th day of September 2008.

_____
Robert N. Chatigny
United States District Judge